**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 04 2013, 8:30 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**WILLLIAM S. FRANKEL, IV**
Wilkinson, Goeller, Modesitt,
Wilkinson & Drummy, LLP
Terre Haute, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANTHONEY D. COVELESKI, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 84A05-1206-CR- 282 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable Michael J. Lewis, Judge
Cause No. 84D06-0904-FD-1267

**March 4, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

Anthoney D. Coveleski appeals his conviction for assisting a criminal, as a Class D felony, following a jury trial. Coveleski raises a single issue for our review, namely, whether the State presented sufficient evidence to support his conviction. We affirm in part and reverse and remand in part.

**FACTS AND PROCEDURAL HISTORY**

On April 25, 2009, Clarke County, Illinois, Deputy Sheriff Rick Shutter initiated a traffic stop of a vehicle to investigate reports of suspicious activity involving anhydrous ammonia in the area. The driver consented to Deputy Shutter's request to search the trunk of the vehicle, but, while Deputy Shutter was searching the trunk, the passenger in the vehicle exited "and took off running." Transcript at 92. Deputy Shutter pursued the passenger but was unable to apprehend him. He returned to the vehicle and asked the driver about the passenger's identity, and the driver said that the passenger was Bruce Thomas and that Thomas had a Parke County, Indiana, warrant out for his arrest.

The following morning, Illinois officers and U.S. Marshals tracked Thomas to the residence of Kenneth Parsons in Marshall, Illinois, just west of Terre Haute. But, when they arrived and spoke to Parsons, he told them that Thomas had used Parsons' phone to call someone to pick him up. When the individual arrived to pick up Thomas, Parsons identified the individual as Coveleski, and he described Coveleski's vehicle to the officers and told them that Coveleski lived near Prairieton, Indiana. Parsons further told the officers that Thomas had an injury to his foot.

The officers requested the assistance of Indiana officers. Later that afternoon, seven officers, along with a K-9, in five police cars surrounded Coveleski's residence, which he shared with his mother, and observed Coveleski's vehicle parked in front of the residence. The officers "shout[ed]" into the residence, "pound[ed] on the doors [and] windows," and created such a "ruckus . . . the neighbors [we]re coming out." Id. at 61-62. But, after more than forty-five minutes of attempting to get a response, the officers were left waiting.

Thereafter, Coveleski's mother returned home and confirmed to the officers that her son was inside the residence with Thomas. Coveleski's mother then called the house phone and told her son to come out with his and Thomas' hands raised, which they then did. The officers observed that Coveleski was wearing a t-shirt, jeans, and laced-up work boots when he exited the residence. Thomas, however, had a severe anhydrous burn on his foot. His foot "was black and you could see what appeared . . . to be bone on his toes." Id. at 112. The officers arrested Coveleski and, after he received medical treatment, Thomas.

The State charged Coveleski with assisting a criminal, as a Class D felony. Following a jury trial, the jury found Coveleski guilty as charged and the trial court entered its judgment of conviction and sentence accordingly. This appeal ensued.

**DISCUSSION AND DECISION**

Coveleski challenges the sufficiency of the State's evidence against him. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. Jones v. State, 783 N.E.2d 1132, 1139 (Ind. 2003).

3

We look only to the probative evidence supporting the verdict and the reasonable inferences that may be drawn from that evidence to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. Id. If there is substantial evidence of probative value to support the conviction, it will not be set aside. Id.

The State charged Coveleski with assisting a criminal, as a Class D felony. At the time he committed the offense,[1] Indiana law required the State to prove that Coveleski, "[a] person not standing in the relation of parent, child, or spouse to another person who has committed a crime or is a fugitive from justice[,] who, with intent to hinder the apprehension or punishment of the other person, harbor[ed], conceal[ed], or otherwise assist[ed] the person . . . ." Ind. Code § 35-44-3-2 (2008). Such a showing demonstrates a Class A misdemeanor. However, the offense is a Class D felony "if the person assisted has committed a Class B, Class C, or Class D felony." Id.

On appeal, Coveleski asserts that he lacked the requisite intent to commit the crime because he did not know that Thomas had committed a crime or was a fugitive from justice. In support of this position, Coveleski notes that he said to his mother at the scene that he had been sleeping, that there had been no public release that Thomas was wanted on a warrant, and that Parsons was not arrested for assisting a criminal in Illinois. See Appellant's Br. at 9. We cannot agree with Coveleski's reading of the record to support this argument.

---

[1] The statute has since been materially altered, but the State does not suggest that the alteration applies retroactively. See, e.g., Collins v. State, 911 N.E.2d 700, 708 (Ind. Ct. App. 2009) (noting that, in general, the law in effect at the time that the crime was committed is controlling), trans. denied.

Based on the evidence most favorable to the verdict, after fleeing from Deputy Shutter in Illinois, Thomas called Coveleski and asked him to pick him up at Parsons', which Coveleski did. Thomas had a conspicuous foot injury in which bone appeared to be exposed, yet they did not seek medical treatment. At Coveleski's residence, numerous officers made a loud ruckus trying to get either Coveleski or Thomas to answer the door. The ruckus was substantial enough to attract the attention of several neighbors and included pounding on the windows and doors of the residence. And, upon exiting the residence, Coveleski was fully clothed and had laced-up work boots on. The State's evidence is sufficient to show that Coveleski harbored, concealed, or assisted Thomas with the intent to hinder Thomas' apprehension, and Coveleski's arguments to the contrary on appeal are merely requests for this court to reweigh the evidence, which we will not do. Accordingly, the State presented sufficient evidence to support Coveleski's conviction for assisting a criminal, as a Class A misdemeanor.

However, the State concedes that it presented no evidence to support the elevation of Coveleski's offense to a Class D felony under the statute in effect at the time of Coveleski's crime. Appellee's Br. at 6-7. While the State proved that Coveleski knew Thomas was a fugitive from justice, the State did not establish that Thomas had been convicted of a required felony. Accordingly, we reverse the level of Coveleski's offense and remand to the trial court with instructions to vacate Coveleski's Class D felony conviction and enter judgment of conviction on assisting a criminal, as a Class A misdemeanor. E.g., Myers v. State, 765 N.E.2d 663, 668 (Ind. Ct. App. 2002).

5

Affirmed in part and reversed and remanded in part.

FRIEDLANDER, J., and BRADFORD, J., concur.